IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN E. TAYLOR, JR.,<br>No.  R66376, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )    Case No.:  11-cv-00631-NJR<br>) |
| MAJOR BROWN, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

**ROSENSTENGEL, District Judge:**

Pursuant to the mandate of the Court of Appeals for the Seventh Circuit in *Taylor v. Brown*, __F.3d __, 2104 WL 9865341 (7th Cir. June 2, 2015), the Court returns to this long-closed case to correct the record and, as the appellate court ordered, "unwind the clock" as though this case had never been opened.

In *Taylor v Gayle*, S.D. Ill. Case No. 11-cv-104-JPG, a failure-to-protect claim against James Brown ("Count 3") was severed into a new case—this case, *Taylor v. Brown*, 11-cv-631. The *Brown* case, No. 11-cv-631, was dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), and Brown's costs were taxed against Plaintiff Taylor.  The defendants in the *Gayle* case, No. 11-cv-104, were ultimately granted summary judgment, and that case was closed in 2013.  Plaintiff filed an appeal in *Brown*, 11-cv-631, challenging the severance and the dismissal of the case.

In *Taylor v. Brown*, __F.3d __, 2104 WL 9865341 (7th Cir. June 2, 2015), the Court of Appeals for the Seventh Circuit ruled that the severance order in *Gayle*, No. 11-cv-104, was erroneous; *Brown*, No. 11-cv-631, never should have come into existence; the subsequent

dismissal and taxation of costs were erroneous, and Plaintiff is due a refund for all costs associated with the litigation of *Brown*, No. 11-cv-631. By separate order, the relevant orders in the *Gayle* case will be vacated.

**IT IS HEREBY ORDERED** that, in accordance with the mandate of the Seventh Circuit, the following orders in this case, *Brown*, No. 11-cv-631, are **VACATED: Docs. 1, 2, 4, 5, 12,1 5, 18, 20, 22, 24, 25 (the Judgment), 28, 29 and 31**.

**IT IS FURTHER ORDERED** that this case is **CLOSED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that all fees and costs paid to the Court by Plaintiff John E. Taylor, Jr. (IDOC Inmate No. R66376) in this case, *Taylor v. Brown*, S.D. Ill. No. 11-cv-631, and the associated appeal, *Taylor v. Brown*, 7th Cir. No. 12-1710, shall be **REFUNDED** by the Clerk of the District Court to Plaintiff Taylor. As of the date of this Order, $102.20 (all credited to the appeal) is owed to Plaintiff Taylor.[1]

**IT IS FURTHER ORDERED** that the Illinois Department of Corrections shall **CEASE COLLECTION** of any further partial payments toward *Taylor v. Brown*, S.D. Ill. No. 11-cv-631, and the associated appeal, *Taylor v. Brown*, 7th Cir. No. 12-1710, as the orders directing that payments be made in those cases have been vacated. The Clerk of Court is **DIRECTED** to send a copy of this order to both the Warden and Trust Fund Administrator at Stateville Correctional Center, where Plaintiff is currently housed.

---

[1] Due to an apparent administrative snafu, it does not appear that the order assessing a filing fee in *Brown*, No. 11-cv-631, was ever transmitted to the prison trust fund administrator.

The Clerk of Court is **DIRECTED** to have the record reflect these changes and to send Plaintiff a copy of the revised docket sheet and this order.  A separate order will issue relative to *Gayle*, No. 11-cv-104.

**IT IS SO ORDERED.**

**DATED:  July 1, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**